

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00149-CV

$8,760.00 IN U.S. CURRENCY; WATCH; LAPTOP COMPUTERS; TELEVISIONS; ATHLETIC JERSEYS; PAIRS OF SHOES; 1999 LEXUS AND 2007 LEXUS, APPELLANTS

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. D-213-S-12259A, Honorable Timmie White, Presiding

January 11, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jimmy Sonny Salinas, acting *pro se*, appeals from an order forfeiting property purportedly used in criminal activity. The sole issue before us involves the legitimacy of the forfeiture due to law enforcement officials purportedly violating the Fourth Amendment prohibition against unreasonable search and seizures. That constitutional prohibition allegedly was violated when police officials walked a drug dog down an

apartment building hallway and the dog alerted to the presence of contraband when arriving at the door to Salinas' apartment. We affirm.[1]

Complaints founded on the Fourth Amendment to the United States Constitution are waived if not preserved at trial. *See Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016) (holding the Fourth Amendment complaint waived because the appellant did not secure a ruling on his objection founded upon that amendment). To preserve the complaint, it must first be urged to the trial court, among other things. TEX. R. APP. P. 33.1(a)(1). That was not done here. We find neither a written motion filed before trial or an objection at trial encompassing the Fourth Amendment claim. Thus, it was not preserved for review, and we overrule the sole issue raised in appellant's brief.[2]

Accordingly, the judgment is affirmed.[3]

Per Curiam

---

[1] Because the proceeding was transferred to the Seventh Court of Appeals from the Second Court of Appeals via order of the Texas Supreme Court, we apply precedent of the Second Court of Appeals where available. TEX. R. APP. P. 41.3.

[2] Salinas attempted to assert new issues for review through his multiple reply briefs. The issues raised were not in response to argument proffered by the State in its appellee's brief. Thus, we cannot consider them. *See Flores v. Deutsche Bank Nat'l Trust Co.*, No. 02-12-00033-CV, 2014 Tex. App. LEXIS 9318, at *51 n.47 (Tex. App.—Fort Worth Aug. 21, 2014, no pet.) (mem. op.) (holding that because the new issues asserted in the appellant's reply brief were not initially raised and fully briefed in the appellee's brief, they could not be considered); *compare In re Estate of Whittenburg*, No. 07-15-00443-CV, 2016 Tex. App. LEXIS 10231, at *1 (Tex. App.—Amarillo Sept. 16, 2016, no pet.) (op. on reh'g) (stating that "an appellant cannot raise new issues via a reply brief").

[3] We have considered Salinas' motion to dismiss on the grounds of no jurisdiction. Contrary to what he says, the State of Texas does have penal statutes prohibiting the possession and distribution of controlled substances. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.101 et seq. (West 2010). Thus, his argument that because no such statutes exist and, therefore the State of Texas lacked jurisdiction to forfeit the property in question is baseless. Accordingly, we deny his motion to dismiss.